11th Court of Appeals
Eastland, Texas
Opinion
 
Maretta Lorene Erwin
            Appellant
Vs.                  No. 11-03-00273-CR – Appeal from Scurry County
State of Texas
            Appellee
 
            The jury convicted Maretta Lorene Erwin, upon her plea of guilty, of possession of anhydrous
ammonia with the intent to manufacture methamphetamine and assessed her punishment at
confinement for 15 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he states that, after a
conscientious investigation of the record, there are no issues that may be presented on appeal. 
Counsel reviews the admonishments given appellant, her admission of guilt, her stipulation of the
evidence, and the testimony presented to the jury including appellant’s own testimony. Counsel
concludes that he cannot argue in good conscience that the trial court abused its discretion or that
there are any meritorious grounds for appeal. 
            Counsel has furnished appellant with a copy of the brief and has advised appellant of his right
to review the record and to file a pro se brief. A pro se brief has been filed. Counsel has complied
with the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State,
516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).
            In three issues in her pro se brief, appellant challenges the effectiveness of her trial counsel. 
In the first and second issues, appellant contends that there was a conflict of interest with her trial
counsel and that, due to this conflict, trial counsel did not effectively represent her and failed to
present certain mitigating factors. In the third issue, she argues that the failure to present alleged
mitigating factors, the failure to request a presentence investigation report, and the failure to file a
motion to reconsider community supervision, individually and together, resulted in a denial of her
right to reasonably effective assistance of counsel. Appellant also contends that her punishment of
confinement for 15 years was “‘extreme’ for a first time felony offender.”
            In order to determine whether appellant’s trial counsel rendered ineffective assistance at trial,
we must first determine whether appellant has shown that counsel’s representation fell below an
objective standard of reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s errors. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). We
must indulge a strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance; and appellant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy. Stafford v. State, supra.
            The record reflects that appellant first retained her trial counsel. On July 9, 2003, the trial
court conducted a hearing on retained counsel’s motion to withdraw on the grounds that appellant
failed to notify him of additional arrests which materially affected the preparation of a defense in this
case, that appellant failed to effectively communicate with him, and that appellant failed to make
payments in accordance with the employment contract. Appellant stated that she did not have the
means to hire another attorney and that she did not know if she wanted trial counsel to continue to
represent her. The trial court essentially overruled the motion, and appellant later proceeded to trial
with the same counsel.
            Nothing in the record before this court supports appellant’s contentions that trial counsel did
not afford her reasonablely effective assistance. Trial counsel actively participated in voir dire,
presented an opening argument, cross-examined the State’s witnesses, made appropriate objections,
presented witnesses in appellant’s behalf, and presented closing argument. Trial counsel elicited
testimony concerning such mitigating factors as her remorse, her desire to change her lifestyle and
to raise her three children, and her concerns that she would lose her children. Appellant testified that
she had hit “rock bottom” and that she felt “pretty awful” about placing her family in jeopardy.
Moreover, the record does not establish a conflict of interest between appellant and trial counsel. 
The record instead reflects that counsel was very earnest in his representation of appellant.
            Appellant elected to plead guilty to the jury and requested placement on community
supervision. The trial court is not required to order a presentence investigation report in such a
situation. TEX. CODE CRIM. PRO. ANN. art. 42.12, § 9(g)(1) (Vernon Supp. 2004). Therefore,
trial counsel’s failure to request a report was not error and has not been shown to have fallen below
an objective standard of reasonableness. Likewise, the record does not support appellant’s
contention that trial counsel’s failure to file a motion to reconsider community supervision resulted
in the denial of effective representation. The three issues are overruled.
            Appellant also argues that the punishment assessed was “extreme.” We disagree. Appellant
admitted that she used methamphetamine, that she had a long history of marihuana use, that her
children knew that she had a drug problem, that she assisted in the manufacture of methamphetamine
in the camper trailer beside their home, and that her children were aware that she was involved in
this activity. Children’s action figure toys and a birthday party hat were discovered in the camper
trailer where the methamphetamine was manufactured. There was testimony that appellant’s fiancé
kept their four-year-old son with him in the camper trailer while he manufactured methamphetamine.
The jury also heard testimony that appellant had been arrested for the transportation of chemicals and
paraphernalia used in the manufacture of methamphetamine in Runnels County as well as that she
had been ticketed for possession of drug paraphernalia in Eastland County.
            Testimony of mitigating circumstances was presented to the jury, and the jury rejected
appellant’s request for community supervision and leniency. The punishment assessed was within
the range authorized by law. TEX. HEALTH & SAFETY CODE ANN. § 481.124 (Vernon Supp.
2004) defines the offense and declares it to be a second degree felony. TEX. PENAL CODE ANN.
§ 12.33 (Vernon 2003) provides that the range of punishment for a second degree felony is
confinement for a term of not more than 20 but not less than 2 years and an optional fine not to
exceed $10,000. The record does not reflect that the punishment was excessive or extreme.
            Further, the record does not reflect that counsel’s representation was not within the range of
competence demanded of attorneys in criminal cases or that there is a reasonable probability that,
but for counsel’s error, appellant would have not pleaded guilty. Hill v. Lockhart, 474 U.S. 52
(1985); Ex parte Morrow, 952 S.W.2d 530 (Tex.Cr.App.1997), cert. den’d, 525 U.S. 810 (1998).
All of appellant’s contentions have been considered, and each is overruled.
            Following the procedures outlined in Anders, we have independently reviewed the record. 
We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                                PER CURIAM
 
April 29, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.